UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAGOBERTO GUERRA SANDOVAL, et al.,<br><br>Petitioner(s),<br><br>v.<br><br>JULIO HERNANDEZ, et al.,<br><br>Respondent(s). | CASE NO. C26-3302-KKE<br><br>ORDER SEVERING HABEAS PETITIONS |

Petitioners Dagoberto Guerra Sandoval, Luis Felipe Gonzales Roriguez, and Carlos Eduardo Ereu Gil have filed a joint petition for Writ of Habeas Corpus. Dkt. No. 1. The Court agrees with numerous courts around the country that generally, multiple petitioners cannot join a single habeas petition. *See, e.g.*, *Abarca v. Chestnut*, No. 1:26-CV-03630-DAD-SCR (HC), 2026 WL 2030173, at *1 (E.D. Cal. July 14, 2026) ("[P]etitioners have not identified any authority in which petitioners who were arrested at different times in different places could join in a single petition."); *Buriev v. Warden, Geo, Broward Transitional Ctr.*, No. 25-CV-60459, 2025 WL 1906626, at *1 (S.D. Fla. Mar. 18, 2025) ("[T]wo petitioners cannot join a single habeas petition."); *Henry v. Barr*, No. 3:20-cv-01114-C (BT), 2020 WL 6877703, at *1 (N.D. Tex. Oct. 30, 2020) ("[A]llowing multiple petitioners to proceed on a single petition … presents a multitude of difficulties[.]" (citation modified)), *report and recommendation adopted*, 2020 WL 6873604 (N.D. Tex. Nov. 23, 2020); *Yancey v. Corbett*, No. 07-cv-1251, 2007 WL 1149884, at *1 (E.D.

Pa. Apr. 12, 2007) ("There is no authority for permitting multiple petitioners to file one single petition for habeas corpus relief[.]").

Petitioners argue that joinder is appropriate where all three Petitioners "allege a procedural due process violation that arises out of a series of occurrences which are all similar in fact and law." Dkt. No. 1 ¶ 4. Specifically, they contend that all Petitioners were processed and released into the United States after their entry, built lives for themselves within their communities, and were subsequently arrested by Immigration and Customs Enforcement ("ICE") without notice or a pre-deprivation hearing. *Id.* They further note that Petitioners all seek the same relief: "immediate release and a permanent injunction prohibiting the Respondents from re-detaining them unless the Respondents provide notice and pre-deprivation hearing where the Government must prove by clear and convincing evidence that the Petitioner(s) are either a flight risk or a danger to the community." *Id.* Finally, Petitioners contend that their claims all arise out of "the Government's execution and enforcement of [its] interpretation of 8 U.S.C. § 1225(b)"—namely, "that all non-citizens who are present in the United States who have not been admitted are 'arriving aliens.'" *Id.* ¶ 7.

The Court is not convinced that joinder of the three unrelated petitions is appropriate. Under Rule 20, individuals "may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Here, Petitioners' claims arise out of different occurrences: each Petitioner came to the United States at a different time, the circumstances leading up to their re-detentions vary, and they were re-detained at different times as reflected in their respective declarations. *See generally* Dkt. No. 2 ¶¶ 5, 13–18; Dkt. No. 3 ¶¶ 5, 10–15; Dkt. No. 4 ¶¶ 5–13. Unrelated petitioners lack any "cognizable interest in the illegal

restraint of another petitioner," *Rubinstein v. United States*, No. 23-12685, 2024 WL 37931, at *1 (E.D. Mich. Jan. 3, 2024), and since each petitioner is challenging his own detention, "the facts related to each petitioner will be different, and the procedural limitations on habeas corpus petitions will apply differently to each petitioner based on those facts, requiring independent examination for each litigant just the same as if … separate actions had been filed," *Black Elk v. Roy*, No. 18-CV-3255 (DWF/LIB), 2019 WL 885641, at *2 (D. Minn. Feb. 5, 2019) (citation modified), *report and recommendation adopted*, 2019 WL 858671 (D. Minn. Feb. 22, 2019); *cf. Borzych v. Bertrand*, 974 F. Supp. 1220, 1222 (E.D. Wis. 1997) ("Petitions for a writ of habeas corpus are by nature an individual action.").

Moreover, "even assuming Rule 20 were satisfied, the Court would exercise its discretion under Rule 21 to sever this lawsuit into separate actions." *Cambronne, Inc. v. Anthropic PBC*, 834 F. Supp. 3d 831, 835 (N.D. Cal. 2026). It is within the Court's "'inherent power' to deny joinder if it would undermine 'the orderly and expeditious disposition' of the case." *Johnson v. High Desert State Prison*, 127 F.4th 123, 134 (9th Cir. 2025) (internal citation omitted), *cert. denied*, 146 S. Ct. 793 (2026). As Judge King explained in a recent order severing habeas petitions, joint habeas petitions create numerous administrability and efficiency problems for the Court:

> [J]oint petitions "add nothing to judicial efficiency," *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002); instead, they do the opposite. The district records only one case at the typical habeas "weight" level, when in reality the judge is handling multiple cases in one. This, in turn, impacts the ability of the district to adequately staff and otherwise support its caseload. The Judicial Conference uses a district's weighted-filings number as "the primary factor" in determining whether to ask Congress to create more judgeships in a district, and allocates judicial resources "such as law clerk positions, magistrate judgeships, and visiting judgeships, to districts with high numbers of weighted filings." Parth Sagdeo, *Measuring the Work of the Federal District Courts*, 72 Buff. L. Rev. 955, 959 (2025). Permitting joint petitions masks the volume of habeas petitions and undercuts the district's ability to obtain needed resources to manage its caseload.

Order Severing Petitions, *Arango v. Hernandez*, No. 26-cv-2203-LK, Dkt. No. 14 (July 29, 2026).

Accordingly, the Court ORDERS that this case shall be divided into three civil actions seeking relief under 28 U.S.C. § 2241. Case number 2:26-cv-03302-KKE shall refer only to Petitioner Carlos Eduardo Ereu Gil, who comes first alphabetically. The Court severs the claims of Petitioners Luis Felipe Gonzalez Rodriguez and Dagoberto Guerra Sandoval.

The Clerk of this Court shall open two new civil actions with two new case numbers, one for Luis Felipe Gonzalez Rodriguez and one for Dagoberto Guerra Sandoval. The two new civil actions shall be randomly assigned. The Clerk shall add the current Petition, Dkt. No. 1, as Dkt. No. 1 in the new civil actions, and this Order shall be Dkt. No. 2 in those new civil actions. The Clerk shall also add Luis Felipe Gonzalez Rodriguez's declaration, Dkt. No. 3, to his new case, and Dagoberto Guerra Sandoval's declaration, Dkt. No. 2, to his new case. Luis Felipe Gonzalez Rodriguez and Dagoberto Guerra Sandoval shall be required to pay the filing fee or file motions to proceed in forma pauperis in their new cases.

Dated this 24th day of September, 2026.

Kymberly K. Evanson
United States District Judge